SIMPSON *v.* STATE OF INDIANA.
[No. 25,578. Filed March 9, 1934.]

*Fletcher & Williams,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MYERS, J.—This is an appeal from a judgment on a finding by the trial court that appellant was guilty of unlawfully and feloniously having in his possession and under his control, and of then and there using and assisting in using a still and distilling apparatus for the unlawful manufacture of intoxicating liquor, contrary to Acts 1925, p. 144, §6; §2719, Burns 1926. Motions to quash and for a new trial were each overruled, and each of these rulings is here assigned as error.

The record in this case originally filed in this court brought up an affidavit purporting to be the one on which appellant was tried, and from which it conclusively appeared that it was filed ten days before its verification, and approved by endorsement two days before it was verified. On this state of the record appellant predicates his argument in support of his motion to quash, but since his brief was filed the record has been corrected in response to a writ of certiorari, so that it now discloses that appellant was tried

upon an amended affidavit verified and filed on November 18, 1927. This correction of the record and the showing that appellant was tried upon the amended affidavit is a complete answer to his argument in support of his motion to quash.

The evidence on the part of the State, in substance, shows that on August 9, at about six o'clock in the evening, five Bedford police officers, four of whom testified that they knew a still was in operation at a point in Lawrence County between Bedford and Oolitic in a woods on the east side of the Dixie Highway, went to that place, where they found appellant sitting on a keg, his arms folded, watching the cooker at work. He was not aware of the presence of these officers until they were within twenty or thirty feet of him, and not then until they demanded that he throw up his hands. He made no effort to get away, and on being asked if there was anyone with him he answered that he was "by himself, no one else there." Nearby were two kegs more than half full of what the officers called "white mule whiskey." The police officers poured the mash out of the cooker, emptied one of the kegs, took the other and its contents, the cooker, coils, and stove to the police station, arrested appellant and took him to jail. These articles were introduced in evidence at the trial as State's Exhibits 1, 2, 3, and 4. The officers testified they saw no one else there but made no search in the vicinity of the still; that they had no search warrant or warrant for the arrest of appellant.

Appellant denied having anything whatever to do with the still or the manufacture of the whiskey, and at the trial said he was there to get a half-gallon of whiskey and was waiting on a Mr. Robinson who had left a few minutes before the officers came to get him the liquor. His testimony as to the circumstances connected with his first meeting Mr. Robinson, his acquaintance with

him, and the evidence of the State, when considered together, left the question of his guilt to be determined from the weight of all the evidence as a question of fact, and since on appeal this court can only decide questions of law, we would not be permitted to disturb the finding of the trial court. The finding of the trial court was not, therefore, contrary to law.

Judgment affirmed.